1

2

3  UNITED STATES DISTRICT COURT

4  DISTRICT OF NEVADA

   * * *

5  CLAUDIA CARLSON, et al.,                    Case No. 2:13-cv-00378-JCM-PAL

6                          Plaintiffs,                    ORDER

7         v.

8  VICTORIA PARTNERS,

9                          Defendant.

10        Before the court is the parties' Stipulation for Protective Order (Dkt. #67), which the

11 court approved to facilitate discovery in this case.  This order also reminds counsel that there is a

12 presumption of public access to judicial files and records.  A party seeking to file a confidential

13 document under seal must file a motion to seal and must comply with the Ninth Circuit's

14 directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

15        The court has adopted electronic filing procedures, and with a few exceptions not

16 applicable here, the Clerk of the Court no longer maintains paper records.  Special Order 109

17 requires the Clerk of the Court to maintain the official files for all cases filed on or after

18 November 7, 2005, in electronic form.  The electronic record constitutes the official record of the

19 court.  Attorneys must file documents under seal using the court's electronic filing procedures.

20 *See* LR 10-5(b).  That rule provides:

21

22        Unless otherwise permitted by statute, rule or prior Court order,
          papers filed with the Court under seal shall be accompanied by a
          motion for leave to file those documents under seal, and shall be
23        filed in accordance with the Court's electronic filing procedures.  If
          papers are filed under seal pursuant to prior Court order, the papers
24        shall bear the following notation on the first page, directly under the
          case number: "FILED UNDER SEAL PURSUANT TO COURT
25        ORDER DATED _____."  All papers filed under seal will
          remain sealed until such time as the Court may deny the motion to
26        seal or enter an order to unseal them, or the documents are unsealed
          pursuant to Local Rule.

27 ///

28 ///

                                        1

The court has approved the parties' blanket protective order to facilitate their discovery exchanges.  However, the parties have not shown, and court has not found, that any specific documents are secret or confidential.  The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information *under* Rule 26(c) or that disclosure would cause an identifiable and significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.

Dated this 19th day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE